UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00560-FDW-DCK

| | |
|---|---|
| CHRISTINE E. TRIVETTE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WALMART STORES, INC. )<br>)<br>Defendant. )<br>)<br>) | <br><br><br><br><br>ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss or, in the alternative, to Transfer Venue (Doc. No. 3). This motion has been fully briefed by the parties (Docs. Nos. 3-1, 8, 9) and is now ripe for disposition. For the reasons that follow, Defendant's Motion to Dismiss is DENIED, and Defendant's Motion to Transfer is GRANTED. Consequently, Defendant's Motion for Hearing (Doc. No. 5) is DENIED as MOOT.

**I. BACKGROUND**

Plaintiff, Christine E. Trivette, is a former employee of Defendant, Walmart Stores, Inc. Plaintiff filed her complaint in this Court on September 20, 2017, asserting three causes of action resulting from Defendant's alleged violations of Title VII of the Civil Rights Act of 1964, Title I of the American with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, and the Family Medical Leave Act. (Doc. No. 1, p. 1-2).

Plaintiff began working in Defendant's Kannapolis, North Carolina, location in 2009, subsequently taking positions at various Walmart locations in North and South Carolina. Id. at 3.

1

The alleged wrongs and damages pertaining to Plaintiff's complaint, however, occurred at Walmart Store #01030 ("Walmart No. 1030") in Lancaster, South Carolina. Id. at 1.

While employed as the store manager of Walmart No. 1030, Plaintiff alleges she was discriminated against by Area Market Manager, Kurt Herkert, because of her sex. Id. at 3-4. On February 11, 2015, Plaintiff requested she be allowed to transfer to Defendant's location near Charlotte, North Carolina. Id. at 4. This request was denied; Plaintiff alleges this is directly attributable to Mr. Herkert's discrimination against her. Id. at 5.

On April 25, 2016, Plaintiff filed a charge of discrimination with the Charlotte District Office of the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation based on her sex and/or gender against Defendant. Id. at 2. After receiving notices of Right to Sue from the EEOC on June 20, 2017, Plaintiff then filed this complaint. Id. at 3. As a resident of Charlotte, Plaintiff argues that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as she would have worked in North Carolina but for the alleged unlawful employment practice. Id.

Defendant filed a Motion to Dismiss or, in the alternative, to Transfer Venue (Doc. No. 3) on October 16, 2017.

## II. ANALYSIS

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(3) a defendant may move to dismiss a complaint for improper venue. When a 12(b)(3) motion to dismiss is filed, the plaintiff bears the

burden "to establish that venue is proper in the judicial districts in which the plaintiff has brought the action." Plant Genetic Systems, N.V. vs. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

Plaintiff correctly points out that Defendant is considered a resident of the Western District of North Carolina pursuant to 28 U.S.C. § 1391(c)(2). This Court, therefore, finds that under both 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), Title VII's venue provision, venue in the Western District of North Carolina is proper. Accordingly, Defendant's motion to dismiss is denied.

**B. Motion to Transfer**

This Court further finds, however, that in the interest of justice this case should be transferred to the District of South Carolina, Rock Hill Division, pursuant to 28 U.S.C. § 1404(a).

"For the convenience of the parties and witnesses, in the interest of Justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant, however, assumes a heavy burden when making a motion to transfer. Such motion, therefore, should not be granted "if a transfer would merely shift the inconvenience from the defendant to the plaintiff." Uniprop Manufactured Housing Communities Income Fund II v. Home Owners Funding Corp. of America, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990).

The parties agree that eleven (11) factors are considered by the Court in determining whether Defendant has met its burden to transfer venue. See, e.g., Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-451 (W.D.N.C.1989). Those factors are as follows:

> [1] the plaintiff's initial choice of forum; [2] the residence of the parties; [3] the relative ease of access of proof; [4] the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; [5] the possibility of a view; [6] the enforceability of a judgment, if obtained; [7] the relative advantages and obstacles to a fair trial; [8] other practical problems that make a trial easy, expeditious, and inexpensive; [9] the administrative difficulties

3

of court congestion; [10] the interest in having localized controversies settled at home [and] the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and [11] the avoidance of unnecessary problems with conflicts of law.

See, e.g., Commercial Equipment Co., Inc. v. Barclay Furniture Co., 738 F. Supp. 974, 976 (W.D.N.C. 1990). The parties seem to agree that many of these factors do not apply in this case. In regards to factors one through four, eight, and ten; however, the parties disagree sharply. Accordingly, the Court focuses its discussion on these factors.

**1: The Plaintiff's Initial Choice of Forum.**

Plaintiff selected North Carolina as its choice forum. Courts have given great weight to this factor of the analysis. See, e.g., id. ("[A] court ordinarily should accord the plaintiff's choice of forum great weight."). Plaintiff's choice of forum, however, receives less weight when the cause of action bears little or no relation to the forum. See, e.g., Speed Trac Technologies, Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 803 (M.D.N.C. 2008).

Because the alleged actions giving rise to this action took place in the District of South Carolina, the Court gives this factor little weight.

**2: The Residence of the Parties.**

Both parties are residents of the Western District of North Carolina. Plaintiff is domiciled in Charlotte, NC, and Defendant is considered a resident of this District for venue purposes pursuant to 28 U.S.C. § 1391(c)(2).

**3: The Relative Ease of Access of Proof.**

Defendant argues that this factor weighs in favor of transfer because Plaintiff's allegations are comprised entirely of employment decisions made in the District of South Carolina. (Doc. No. 3-1, p. 6). Furthermore, Defendant contends that venue would be more convenient in the District

4

of South Carolina, Rock Hill Division, because all of Defendant's witnesses and documents are in South Carolina or Bentonville, Arkansas. Id. While Plaintiff states that she believes there are relevant non-party documents, such as medical records, pertinent to her claims located in North Carolina, she concedes that her applicable employment records are likely in South Carolina. (Doc. No. 8, p. 6-7). Accordingly, the Court determines that this factor weighs in favor of transfer.

**4: The Availability of Compulsory Process for Attendance of Witnesses and the Cost of Obtaining Attendance of Willing Witnesses.**

Defendant argues that because all relevant witnesses are in South Carolina this factor weighs in favor of transfer. This Court, however, does not find this argument significant particularly because the vast majority of potential witnesses identified appear to be Defendant's employees. Accordingly, the Court weighs this factor as neutral.

**8: Other Practical Problems that make a Trial Easy, Expeditious, and Inexpensive**

Defendant argues that it would be more convenient for Plaintiff to travel from Charlotte to the District of South Carolina, Rock Hill Division, than for Defendant to travel from Lancaster to the Western District of North Carolina, Charlotte Division, but neither party raises any other issue of cost or expeditiousness in relation to this factor. The Court, therefore, weighs this factor as neutral.

**10: The Interest in Having Localized Controversies Settled at Home and the Appropriateness in Having the Trial of a Diversity Case in a Forum that is at Home with the State Law that Must Govern the Action.**

Defendant argues that this factor strongly favors transfer since the District of South Carolina is where the alleged underlying actions occurred and where the majority of the evidence and witnesses are located. "Courts have determined that litigation should take place in the federal

judicial district or division with the closest relationship to the operative events." <u>M-Tek Kiosk, Inc. v. Gosnell</u>, No. 3:14-CV-609-RJC-DCK, 2015 WL 5796830, at *9 (W.D.N.C. Oct. 2, 2015) (quoting <u>Speed Trac Technologies, Inc. v. Estes Express Lines, Inc.</u>, 567 F. Supp. 2d 799, 804 (M.D.N.C. 2008)).

The Court determines that this factor weighs strongly in favor of transfer. Here, it is not disputed that the operative events occurred in South Carolina. <u>See</u> (Doc. No. 1, p. 2) ("The alleged wrongs and damages described herein occurred in Lancaster, South Carolina."). This Court, therefore, finds that the District of South Carolina, Rock Hill Division, is the district and division with the closest relationship to the operative events and consequently is the district in which this case should be litigated.

### III. CONCLUSION

While many of the factors are neutral, those bearing any weight favor venue in the District of South Carolina, Rock Hill Division. Transfer of venue is appropriate to allow this action to be litigated in the federal district with the closest relationship to its operative events. Accordingly, for the reasons stated above, Defendant's Motion to Dismiss is DENIED, Defendant's Motion to Transfer is GRANTED, and Defendant's Motion for Hearing is DENIED as MOOT.

IT IS SO ORDERED.

Signed: November 8, 2017

*[signature]*

Frank D. Whitney
Chief United States District Judge